1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN R. FEGAN,                      )    1:10-cv–01690-JLT HC
                                            )
12                  Petitioner,             )    F&R TO DISMISS PETITION FOR WRIT OF
                                            )    CORAM NOBIS (Doc. 1)
13         v.                               )
                                            )    ORDER DIRECTING OBJECTIONS TO BE
14   WARDEN, California State Prison,        )    FILED WITHIN TWENTY DAYS
                                            )
15                  Respondent.             )    ORDER DIRECTING CLERK OF COURT
                                            )    TO ASSIGN CASE TO UNITED STATES
16   _____)    DISTRICT JUDGE

17

18                             **PROCEDURAL HISTORY**

19         Petitioner is a state prisoner proceeding pro se with a petition for writ of coram nobis.  The

20   instant petition was filed on September 16, 2010.  (Doc. 1).

21         A.  Preliminary Review of Petition.

22         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

23   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

24   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

25   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

26   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

27   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

28   Cir.2001).

                                               1

1    B.  Petitioner Cannot Bring A Petition For Writ Of Coram Nobis

2    Petitioner may not avail himself of a writ of coram nobis to attack a prior state court

3    conviction.  Coram nobis relief is available only to challenge federal convictions.  See Yasui v.

4    United States, 772 F.2d 1496, 1498 (9th Cir. 1985)("the writ of error coram nobis fills a void in the

5    availability of post-conviction remedies in *federal* criminal cases").  "It is well settled that the writ of

6    error coram nobis is not available in federal court to attack state criminal judgments.  A writ of error

7    coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had."

8    Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); see Obado v. New Jersey, 328 F.3d 716, 718

9    (3d Cir. 2003)(coram nobis unavailable in a federal court as means of attack on state criminal

10   judgment); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992)(same); Sinclair v. Louisiana,

11   679 F.2d at 514 (same); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964)(same); Rivenburgh

12   v. Utah, 299 F.2d 842, 843 (10th Cir. 1962)(same).  As the Fifth circuit explained: "A federal court

13   which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless

14   of whether it is called coram nobis, habeas corpus or some other type of relief."  Sinclair, 679 F.2d at

15   514.  Further, the writ of error coram nobis "cannot be used as a substitute for habeas corpus or as a

16   collateral writ of error between state and federal jurisdictions."  Rivenburgh, 299 F.2d at 843; see

17   Madigan v. Wells, 224 F.2d 577, 578 (9th Cir. 1955).

18   The Court has accessed its own electronic records and determined that Petitioner has brought

19   four prior habeas corpus petitions in this Court, each attacking his 1995 Merced County conviction

20   and sentence for two homicides, burglary, arson, and abduction of a child.  The first petition was

21   filed in case number 1:99-cv-06427 and was denied on the merits.  Petitioner brought a second

22   petition, assigned case number 1:06-cv-00531, which was dismissed as a "second and successive"

23   petition on June 14, 2007.  Petitioner then brought a third petition attacking his 1995 conviction, in

24   case number 1:08-cv-01140, which, again, was dismissed as a "second and successive" petition on

25   August 25, 2008.  Petitioner wasted little time in filing his fourth habeas petition, which is dated

26   September 9, 2008 and was filed on September 15, 2008, in case number 1:08-cv-01373.  The Court,

27   apparently unaware of Petitioner's earlier habeas efforts, dismissed the petition on March 3, 2010 as

28   untimely rather than as successive.

2

1    The instant petition for writ of coram nobis does not specify what conviction Petitioner is

2  challenging.  However, it is clear from a careful reading of Petitioner's claims that he is challenging

3  the same state court conviction for which he has been incarcerated since 1995.  The petition indicates

4  that Petitioner is raising the purportedly improper admission of a confession at trial, ineffective

5  assistance of Petitioner's trial counsel, the constitutionality of California's special circumstances, and

6  various jury instructions.  (Doc. 1, p. 1).

7    Petitioner has apparently realized that he cannot proceed with a habeas corpus challenge to

8  his 1995 conviction without the prior consent of the United States Court of Appeals, Ninth Circuit,

9  to file a second and successive habeas petition.  Therefore, he has tacked in a different direction by

10  re-packaging his claims as a writ of coram nobis.  However, this approach is not well taken either.

11  As discussed above, because Petitioner is a state prisoner challenging a state conviction, he cannot

12  proceed in federal court with a writ of coram nobis.  Yasui, 772 F.2d at 1498.

13    C.  As A Habeas Corpus Petition, The Petition Is A Second And Successive Petition.

14    If the Court were to alternatively construe the petition as one for habeas corpus, Petitioner

15  would not fare better.  A federal court must dismiss a second or successive petition that raises the

16  same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or

17  successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a

18  new, retroactive, constitutional right or 2) the factual basis of the claim was not previously

19  discoverable through due diligence, and these new facts establish by clear and convincing evidence

20  that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty

21  of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that

22  decides whether a second or successive petition meets these requirements, which allow a petitioner

23  to file a second or successive petition.

24    Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

25  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

26  order authorizing the district court to consider the application."  In other words, Petitioner must

27  obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

28  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or

3

1  successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

2  a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United

3  States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),

4  *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

5          Because the instant petition was filed after April 24, 1996, the provisions of the Antiterrorism

6  and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case.  Lindh v. Murphy, 521 U.S.

7  320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth

8  Circuit to file his successive petition attacking his 1995 Merced County conviction.  That being so,

9  even were this Court to construe the petition for writ of coram nobis as a habeas corpus petition, this

10  Court would have no jurisdiction to consider Petitioner's claims from that 1995 conviction under

11  Section 2254.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to

12  proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with

13  the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

14          Because Petitioner cannot proceed in federal court to challenge the prior state court

15  conviction under either federal habeas law or pursuant to a writ of error coram nobis, this case may

16  not proceed and should be dismissed.

17                                           **ORDER**

18      For the foregoing reasons, the Court HEREBY ORDERS as follows:

19      1.      The Clerk of the Court is DIRECTED to assign this case to a United States District

20              Judge.

21                                  **RECOMMENDATIONS**

22      Accordingly, the Court HEREBY RECOMMENDS as follows:

23      1.      The petition for writ of coram nobis should be dismissed.

24      This Findings and Recommendation is submitted to the United States District Judge assigned

25  to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules

26  of Practice for the United States District Court, Eastern District of California.  Within twenty days

27  after being served with a copy, any party may file written objections with the court and serve a copy

28  on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1   Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

2   § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

3   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5   IT IS SO ORDERED.

6   Dated:   **September 22, 2010**                                         /s/ **Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28